UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50467
Summary Calendar
_____

SAUL ALMANZAR,

Plaintiff-Appellant,

versus

NEWHYB CORPORATION; HYBRITEX
AUTOMOTIVE CONTROLS, A Division
of I.P.M. Products Corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
(EP-96-CV-140)
_____

October 4, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In this appeal, Saul Almanzar contests the district
court's grant of summary judgment to his employer Hybritex
Automotive Corp. in a case concerning Almanzar's back injury while
at work. As a nonsubscriber to Texas Workers Compensation
insurance, Hybritex may be liable for negligence that causes
employee injuries.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The event that triggered Almanzar's back injury -- a routine lifting task that he had performed several times a day for two years -- goes far toward explaining the district court's ruling. There is no evidence that the lifting done by Almanzar was unusual or extreme. Moreover, the amount lifted at any one time was in his control. The district court responded as follows to Almanzar's negligence allegations of failure to provide adequate safety rules and regulations, furnish safe machinery, provide a safe workplace and select competent fellow servants:

> The Court finds that Plaintiff has raised no fact issue on the adequacy of Defendant's safety instruction or the adequacy of the materials provided to Plaintiff to transport the heat sinks. The summary judgment record includes Plaintiff's acknowledgment that he received instruction on Defendant's safety rules and safe working procedures. The record also indicates that Plaintiff was provided a small box and a dolly, and was only required to lift as much weight as he could. Under these circumstances, it is difficult to conceive of what rules or equipment would have foreseeably made Plaintiff's injury less likely to occur. Plaintiff performed the exact same task five to six times a day, five days a week, for two years prior to his injury.

The district court also found no basis for a need for assistance where appellant's job only required him to lift what he could lift alone.

Having considered the summary judgment issues de novo, we see no genuine issues of material fact under Texas law that required a full trial.

AFFIRMED.

2